IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,         )<br>                                          )<br>        Plaintiff,                  )<br>                                          )<br>    v.                                   )<br>                                          )<br>FRESNO UNIFIED SCHOOL )<br>DISTRICT; FRESNO UNIFIED )<br>SCHOOL DISTRICT BOARD OF )<br>EDUCATION; et al,              )<br>                                          )<br>        Defendants.             )<br>                                          )<br>_____) | CIV F 09-1779 AWI SKO<br><br>MEMORANDUM OPINION<br>AND ORDER ON<br>DEFENDANTS' MOTION TO<br>DISMISS<br><br>Document # 23 |

   This is a civil rights action for damages by *pro se* plaintiff James M. Lanier ("Plaintiff") against defendants Fresno Unified School District ("Fresno Unified"), the Fresno Unified School District Board of Education ("School Board") and a number of individual defendants (collectively, "Defendants"). This action arises out of Plaintiff's repeated attempts to obtain a contract from Fresno Unified for sports officiating that Plaintiff alleges were unsuccessful because of racially discriminatory practices by a number of individual Defendants that were allegedly known to, and went uncorrected by, responsible school board members. In the instant motion, Defendants seek to dismiss Plaintiff's complaint in its entirety because Plaintiff failed to serve the complaint within the time limits set by Rule 4(m) of the Federal Rules of Civil Procedure.[1] Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper

---

   [1] Hereinafter, the term "Rule" or "Rules" refers to Federal Rules of Civil Procedure.

in this court.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

This is the third action by Plaintiff in this court that alleges racially discriminatory attitudes and conduct by school officials prevented him from equal access to sports officiating contracts over a period of several years. In cases numbered 09cv2084 and 09cv1780, Plaintiff alleged essentially the same claims that are alleged here against Clovis Unified School District ("Clovis Unified") and against individuals employed by that district who occupy essentially parallel positions to the individual Defendants in this case. Plaintiff's complaint in this case alleges three claims; each very similar to the claims initially alleged in Plaintiff's action against Clovis Unified. The first claim is for "Discrimination" and is pled without reference to any specific law or constitutional provision. The second claim is for "Civil Rights Violation," which purports to allege Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983. The last claim for relief alleges "Conspiracy," again without reference to any specific constitutional or statutory provision.

Of significance to Defendants' motion to dismiss, Plaintiff filed his complaint in this court on October 8, 2009. On June 22, 2010, the Magistrate Judge noted that Defendants in this case had not been served with summons or complaint and ordered that Plaintiff file same within twenty days of the minute order that was issued on June 22, 2010. On January 26, 2011, a minute order issued by this court noted the lack of activity in this case and set a hearing for dismissal for lack of prosecution for February 28, 2011. On February 11, 2011, Plaintiff filed an opposition to the proposed dismissal. On February 24, 2011, the court vacated the scheduled hearing in the interests of justice and ordered Plaintiff to file proof of service of summons and complaint on all Defendants within twenty days of that date. On March 1, 2011, the Clerk's Office issued summonses for each of the Defendants to Plaintiff along with instructions and forms for service. On March 9, 2011, a Clerk's Notice was sent to Plaintiff informing him that service of summonses and copies of the complaint on all Defendants was his responsibility. On

March 15, 2011, Plaintiff filed a document titled "Response to Judge Ishii's Order of February 11, 2011," which essentially states that Plaintiff accomplished service of summons and complaint on Defendant Fresno Unified on March 15, 2011. So far as the court can determine, there has been no proof of service filed as to any other Defendant.

As will be discussed *infra*, Plaintiff's complaint is an assemblage of conclusory allegations of discriminatory policies, practices and attitudes that caused him and other non-specified African-American sports officiating contractors to be prejudicially excluded from consideration for sports officiating contracts at District schools from about 2004 to the present. Plaintiff also alleges administrative and school board officials had knowledge of discriminatory acts and practices and failed to take corrective action. The factual basis for Plaintiff's first claim for "Discrimination" consists of the allegation that in September 2007, individual Defendant Carter "made a disparaging comment/remark to the Plaintiff that he would be better off seeking contract work outside of Fresno Unified School District." Plaintiff also alleges that he was repeatedly questioned as to his ability to take on the work and whether Plaintiff had the necessary staff to do the work.

Plaintiff's second claim for relief alleges "that the administrators of the Fresno Unified School District violated Plaintiff's right to fair and equal access of [sic] the public school contract under the law and violated the civil rights of the Plaintiff by not allowing the public school contract to be bid upon in violation of the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983." Doc. #1 at 6:16-20. Beyond that, there are no factual allegations set forth in Plaintiff's second claim for relief that could be construed as supportive of his claim under section 1983.

Plaintiff's conspiracy claim consists of a long narrative that attempts to describe a period beginning in March 2008 in which Plaintiff and "another African American contractor" were approached by the District's Athletic Director to help the "favored Caucasian contractor" obtain a license in exchange for which Plaintiff and the other African American contractor would be

3

part of a "management team" and thereby have access to sports officiating contracts. As was the case in Plaintiff's action against Clovis Unified School District, the conspiracy claim appears to allege that all of the events pertaining to the alleged "favored Caucasian contractor" were a part of the conspiracy.

Defendants' motion to dismiss was filed on March 4, 2011; that is, after the court's February 24 Order but before the time granted for the filing of proofs of service by Plaintiff had run. Plaintiff's opposition was filed on March 21, 2011 and Defendants' reply was filed on April 4, 2011. The court vacated the hearing date and took the matter under submission as of April 11, 2011.

## LEGAL STANDARD

Defendants' primary ground for dismissal of Plaintiff's complaint is that the court lacks personal jurisdiction due to defects in the summons that was served on Fresno Unified. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P.4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir.1988). While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986). Rule 12(b)(4) of the Federal Rules of Civil Procedure allows a motion to dismiss for insufficiency of process. Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons. Chilicky v. Schweiker, 796 F.2d 1131, 1136 (1986), *reversed on other grounds by* 487 U.S. 412 (1988). Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a defendant to challenge the method of service attempted by plaintiff.

As will be discussed below, the court will also examine the substantive allegations of Plaintiff's complaint to determine, at least preliminary, whether Plaintiff has alleged any claim

4

upon which relief can be granted, notwithstanding any of the due process shortcomings.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

5

**DISCUSSION**

**I. Defects In, and Untimely Service of, Summons and Complaint**

As an initial matter, the court notes that the only proof of service the court can find attests to the service of complaint and summons on Fresno Unified only. The complaint names each of the individual defendants in their personal capacities but, so far as the court can determine, no proof of service of complaint and summons has been filed as to any of the eleven individual Defendants. Similarly, there is a lack of proof of service as to Defendant Fresno Unified School District Board of Education. Whether or not the individual Defendants or the Board of Education were actually served with summons and complaint, the court made it very clear in its February 24 Order that a filing of *proof of service* would be required as to each Defendant within a 20-day time period or that dismissal would result. Since there has been no filing of proof of service as to School Board or any of the individual Defendants, those parties will be dismissed. Hereinafter, the term "Defendant" refers to defendant Fresno Unified only.

Defendant's primary ground for dismissal of Plaintiff's complaint is the fact that Defendant was not served with the complaint and summons for a period of approximately 16 months following the date of filing of the complaint in clear violation of Rule 4(m) of the Federal Rules of Civil Procedure. The service of summons and complaint was also untimely counting from the date of the Magistrate Judge's minute order of June 22, 2010. The court's order of February 24, 2011, granted Plaintiff additional time to file summons and complaint and Plaintiff complied with the filing requirements imposed by that order. Thus, whether prudently or inadvertently, the court essentially waived Plaintiff's untimely service of process on February 24, 2011, subject to Plaintiff's compliance with the court's order of filing of proof of service within 20 days.

Defendant also alleges that the copy of summons that Plaintiff served on the District on February 11, 2011, "does not contain the following two mandatory items: (1) the clerk's signature; and (2) the court's seal." Doc. # 24 at 4:5-7 (citing Fed. R. Civ. Pro. §§ 4(a)(1)(F)

6

and (G)). As noted, Defendant's motion was filed on March 4, 2011; three days after the court issued summonses for Defendants and approximately ten days before what the court construes as Plaintiff's proof of service was filed on March 15, 2011. Significantly, Defendant's motion to dismiss references a summons that was served on February 11, 2011. The court has examined the summonses that were issued by this court on March 1, 2011, and finds that each was properly affixed with the court's seal and properly signed by the Clerk of the Court. From the facts presented, the court surmises that Defendant was served with two sets of summonses; the first was non-conforming and was served on February 11, 2011, and the second was conforming and was served on or about March 15, 2011.

Defendant does not address Document # 27, which the court has construed to be Plaintiff's proof of service as to Defendant, in their reply brief, nor does Defendant deny that it was served with a later, conforming summons. Rather, Defendant points out that the document that is titled Plaintiff's Opposition does not address any of Defendant's legal arguments and contends that Defendant is entitled to the court's grant of its motion to dismiss on that ground. The court is not convinced by Defendant's argument. "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.' [Citation.]" Direct Mail Specialists v. Eclat Computerized Technologies, 840 F.2d 685, 688 (9th Cir. 1988) (quoting Commercial Workers Union, 736 F.2d at 1382. As Defendant points out, "dismissal based on defects in the form of process is disfavored," although it may be granted where there is prejudice to the defendant." Doc. # 24 at 4:10-12 (citing Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994).

Here, the court concludes that Plaintiff has made a showing sufficient for the court to find that the complaint and summons were served on Defendant Fresno Unified within the extended time allotted by the court and that the documents served substantially complied with the requirements of Rule 4. Although Defendant avers that it may be subject to prejudice because claims that would otherwise be time-barred may be saved by the court's extension of

7

time, the court finds that such concerns are purely conjectural at this point. Plaintiff was granted extensions of time to file proof of service of process in consideration of his status as a *pro se* litigant. To this point there is no indication that Plaintiff has proceeded in bad faith. Defendant's motion to dismiss on the basis of defective service of process will be denied.

**II. Substantive Pleading Defects**

While Plaintiff may have adequately complied with the court's orders regarding service of process, the court is has reviewed the issues raised in Plaintiff's complaint and has determined that, as was the case with Plaintiff's claims against Clovis Unified, Plaintiff has failed to allege any set of facts, that if proven would entitle him to any relief. "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, [. . .], but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.' [Citation.]" Wong v. Bell, 642 F.2d 359, 361-362 (9 Cir. 1981). In this case, the court finds notice of the court's intent is not necessary for two reasons. First, the court has previously dismissed very similar claims against Clovis Unified and Plaintiff has thereby been notified of the deficient nature of the claims made in the instant complaint. Second, Plaintiff has, in essence, acknowledged the deficient nature of his complaint in his opposition to Defendant's motion to dismiss and has requested leave to amend. The court therefore finds it may properly screen Plaintiff's complaint pursuant to Rule 12(b)(6) in the interests of efficient use of scarce judicial resources and in the interest of expeditious disposition of this action.

*A. Statutes of Limitations*

Because 42 U.S.C. § contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997). The Ninth Circuit has consistently held that the limitations period for an action pursuant to section 1983 is contained in California's general personal injury statute. See McDougal v.

County of Imperial, 942 F.3d 668, 672 (9th Cir. 1991).  Effective January 1, 2003, California's general personal injury statute, which provides for a one-year statute of limitations and had been set forth at Cal. Civ. Proc. Code § 340(3) was shifted to California Code of Civil Procedure, section 335.1, and now provides a limitations period of 2 years.  See Blanas v. Jones, 393 F.3d 918, 927 (9th Cir. 2004); Thompson v. City of Shasta Lake, 314 F.Supp.2d 1017, 1023-1024 (E.D. Cal. 2004) (discussing applicability of California's general residual statute of limitations to actions pursuant to section 1983); Green v. Bloom, 2008 WL 1882800 (E.D. Cal. 2008) at *8 (discussing applicability of limitations period in § 335.1 to federal civil rights claims in light of McDougal v. County of Imperial, 942 F.2d 668 (9th Cir. 1991), which previously applied § 340(3)).  The two-year statute of limitations period applies to claims alleging violation of Fourteenth Amendment Equal Protection rights whether alleged pursuant to 42 U.S.C. §§ 1981, 1983 or 1985.  McDugal, 942 F.2d 668 at 673-674; Wilson v. City of Fresno, 2009 WL 3233879 (E.D. Cal. 2009) at *11.

Although state law determines the limitations period, federal law governs when a civil rights claim accrues.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Tworivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." De Anza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084,1086 (9th Cir.1991). The California Supreme Court has explained:

> Possession of "presumptive" as well as "actual" knowledge will commence the running of the statute. The applicable principle has been expressed as follows: "when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation ... the statute commences to run."

Sanchez v. South Hoover Hospital, 18 Cal.3d 93, 101, 132 Cal.Rptr. 657, 553 P.2d 1129 (1976) (citations omitted).  "The proper focus is upon the time of the discriminatory acts, not upon the

time at which the consequences of the acts became most painful." Abramson v. Univ. of Hawaii, 594 F.2d 202, 209 (9th Cir.1979) (addressing sex discrimination claim).

Dates of actual events or comments that would tend to support Plaintiff's claim of race-based discrimination are conspicuously absent from Plaintiff's complaint. Plaintiff's complaint was filed on October 8, 2009. Thus, while Plaintiff generally alleges discriminatory treatment since 2004, he may only seek redress of discriminatory acts that occurred in October 2007 or later. In addition, to the extent Plaintiff's first claim for relief is based on the allegation that a "disparaging" comment was made to him in September 2007, that claim is time-barred.

### B. Plaintiff's First Claim for Relief

As noted, Plaintiff's first claim for relief cites no legal basis for relief and is subject to dismissal on that account. In addition, the only substantial facts alleges are the so-called "disparaging comment/remark" made in September 2007 and Plaintiff's allegation that he was repeatedly questioned as to his "ability to do the work" and whether he "had adequate staff to be able to satisfy the contracted work." Doc. # 24-1 at 11:6-8. Notwithstanding any bar arising from statutes of limitations, Plaintiff's factual claims are simply insufficient to support a claim of rase-based discrimination. As the court discussed in Plaintiff's action against Clovis Unified, Plaintiff, in order to show a *prima facie* case of discrimination in the context of a commercial contract must show (1) he or she was a member of a protected class; (2) the plaintiff attempted to contract for certain services; and (3) the plaintiff was denied the right to contract for those services. Lindsey v. SLT Los Angeles, LLC., 447 F.3d 1138, 1145 (9th Cir. 2006); Ahmed v. Mid-Columbia Med. Ctr., 673 F.Supp.2d 1194, 1205 (D. Or. 2009). Plaintiff has failed to allege when and how he attempted to contract with Defendant and when and under what circumstances the attempt to contract was unsuccessful. See, Lanier v. Clovis Unified, 09cv2084, Doc. # 31 at 11:22-24 (Sept. 20, 2010). Plaintiff's first claim for relief will be dismissed.

### III. Plaintiff's Second Claim for Relief

Plaintiff's second claim for relief alleges Defendants infringed Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983. The sole factual allegation alleged in Plaintiff second claim for relief alleges that "the administrators of the Fresno Unified School District violated Plaintiff's right to fair and equal access of the public school contract under the law and violated the civil rights of the Plaintiff by not allowing the public school contract to be bid upon in violation of the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983." Doc. # 24-1 at 11:16-20. The remainder of Plaintiff's second claim for relief is merely a collection of conclusory statements with no facts alleged at all.

The court finds Plaintiff's second claim for relief indecipherable. Is it Plaintiff's allegation that there was no bidding process? Was Plaintiff denied an opportunity to bid while others were allowed to bid? Was Plaintiff allowed to bid but not selected for improper reasons? To state a claim for relief, Plaintiff must at least explain how contractors were selected and on what specific occasions and in what way Plaintiff was treated differently. Plaintiff's second claim for relief will be dismissed for failure to state a claim.

### IV. Plaintiff's Third Claim for Relief for Conspiracy

Plaintiff's third claim for relief, like the first, fails to disclose a legal basis for the claim. "A civil rights conspiracy as commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damages.'" Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988). The general elements that comprise an action for conspiracy that must be alleged in the complaint include "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) (citing

Cellular Plus, Inc. v. Superior Court, 14 Cal.App.4th 1224 (1993)).  Under federal law, a civil right conspiracy may be alleged pursuant to 42 U.S.C. § 1983, Earle, 850 F.2d at 844 or pursuant to 42 U.S.C. § 1985(3).  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).

Plaintiff's claim for relief for conspiracy fails because no legal basis for the conspiracy claim is alleged and because it is not possible to discern from the complaint precisely what the unlawful purpose of the conspiracy was.  As suggested above, conspiracy can be alleged pursuant to several state and federal laws.  While the basic elements of a civil conspiracy claim may be very similar between the various statutes, the defenses available under different statutes are not identical and a claim that fails to specify the legal basis for the claim fails to meet the minimum notice standard required by Rule 8(a).

Factually, Plaintiff's conspiracy claim is nearly unintelligible.  What is the purpose of the conspiracy and what is the illegal act?  Plaintiff clouds the issue by alleging a long series of acts that are all alleged to be "part of the conspiracy."  Among these is the alleged fact that Plaintiff worked as part of the "management team" to procure a state license for the "favored Caucasian contractor."  Is this part of the conspiracy of which Plaintiff complains?  In addition, Plaintiff's claim for conspiracy appears to be factually inconsistent.  Plaintiff alleges that "[t]he Caucasian contractor secured his business license in March of 2008 and formed his officials association."  Doc. # 24-1 at 12:18-19.  Later, Plaintiff alleges that as of early May, the "favored Caucasian contractor" did not have a license or staff available to work for him."  See id. at 12:23-13:1.  What sort of license is Plaintiff alleging the "favored Caucasian contractor" lacked?  In view of Plaintiff's allegation that he worked as a member of the "management team," what is the significance of either the lack of a license or the lack of an officiating staff?

Plaintiff alleges that he was hired and terminated by the "favored Caucasian contractor" who is not a party to this action.  It is not clear whether the termination of Plaintiff by the "favored Caucasian contractor" is the unlawful act, nor is it clear what the role of the Defendants is alleged to have been in causing harm to Plaintiff.  If Plaintiff decides to amend his

claim for conspiracy, he must allege clearly and concisely what the legal basis of the claim is, what the conspiracy was and specifically what acts were committed in furtherance of the conspiracy.

In a similar vein, the court notes Plaintiff inconsistently refers to himself in the plural. Plaintiff can sue only on behalf of himself. Any future amendments to the complaint shall be consistent with respect to designation of the parties.

In conclusion, the court finds that Plaintiff's complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8. Consequently, Plaintiff's complaint fails to set forth any claim upon which relief can be granted and is therefore subject to dismissal pursuant to Rule 12(b)(6).

For the reasons set forth above, it is hereby ORDERED that:

1. Plaintiff's complaint is hereby DISMISSED as to Fresno Unified School District Board of supervisors and all individually named Defendants for failure to provide timely service of process in conformity with Rule 4(m) in violation of a prior order of this court.
2. Plaintiff's complaint is hereby DISMISSED in its entirety as to Defendant Fresno Unified School District pursuant to Rule 12(b)(6).
3. Defendant's motion to dismiss Fresno Unified School District pursuant to Rule 4(m) is hereby DENIED and DENIED as moot.
4. Leave to amend is GRANTED. Any amendment shall be filed and properly served within twenty-one (21) days of the date of filing of this order.

IT IS SO ORDERED.

Dated:   June 10, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

13