# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | 1: 09-cv-01779 - LJO -BAM<br><br>**ORDER ON DEFENDANT'S MOTIONS TO COMPEL DISCOVERY**<br><br>**(Docs. 55, 61)** |

Currently before the Court is Defendant Fresno Unified School District's ("Defendant") Motion to Compel Plaintiff's Responses to Set One Special Interrogatories and Request for Production of Documents and Motion to Compel Plaintiff's Further Response to Set One Special Interrogatories. (Docs. 55, 61).[1] In the motions to compel, Defendant seeks to compel Plaintiff to produce documents to its requests for production and complete responses to interrogatories. (Docs. 55, 61). Pro se Plaintiff James Lanier ("Plaintiff") filed his opposition on November 16, 2012. (Doc.

---

[1] The Court notes that Defendant initially filed a Motion to Compel Plaintiff's Responses to Set One Special Interrogatories and Request for Production of Documents on November 8, 2012. (Doc. 55). On November 16, 2012, Plaintiff filed an opposition to the motion stating that all responsive interrogatories and requests for production had been produced. (Doc. 61). Acknowledging that some of Defendant's discovery requests had been complied with, Defendant filed a subsequent Motion to Compel Plaintiff's Further Response to Interrogatories. (Doc. 61). On January 4, 2013, filed Joint Statement re: Discovery Disagreements addressing their discovery dispute. (Docs. 64, 65).

1

60). Defendant filed its reply brief on December 26, 2012. (Doc. 63). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for January 11, 2013. (Doc. 14). Having considered the moving, opposition and reply papers, as well as the Court's file, Defendant's Motions to Compel are GRANTED in part.

## **BACKGROUND**

This is a civil rights action for damages by Plaintiff against Defendant Fresno Unified School District, arising out of Plaintiff's repeated attempts to obtain a contract from Fresno Unified for sports officiating that Plaintiff alleges were unsuccessful because of racially discriminatory practices by Defendant. In July 2012, Defendant served, by mail, Set One Special Interrogatories and Set One Requests for Production ("RFP") of Documents on Plaintiff to obtain information and documents related to the one cause of action (Title VI of the Civil Rights Act of 1964) at issue in this case. (Declaration of A. Christopher Duran, Doc. 57). Plaintiff's response to the Set One Special Interrogatories was due no later than August 31, 2012. Plaintiff's response to Set One Requests for Production of Documents and his production of documents were due on before September 1, 2012. Plaintiff failed to respond to the interrogatories or produce responsive documents by the respective deadlines.

Over the next two months, Defendant sent Plaintiff several letters and emails informing him that his responses and production were delinquent and his objections waived. Defendant's counsel also informed Plaintiff that he would allow Plaintiff additional time to respond in order to avoid filing a motion to compel. Duran Decl, Exh. C. As of November 8, 2012, Plaintiff did not respond or produce documents, prompting the instant motion to compel.

On November 16, 2012, Plaintiff filed an opposition to Defendant's Motion to Compel stating that he has fully responded to Defendant's discovery requests. On December 26, 2012, Defendant, filed a reply stating that Plaintiff's responses are incomplete, non-responsive, and Plaintiff's waived objections were tantamount to no responses at all. (Doc. 63). In its reply, Defendant details that while Plaintiff fully responded to two of Defendant's interrogatories, the remaining responses to Defendant's interrogatories were incomplete in that they provided only

objections and no substantive response. With respect to Defendant's RFP's, Plaintiff refused to produce any documents, instead objecting that either (a) "Defendant is already in possession of all listed documentation," or (b) "Defendant's request is not relevant to the time frame in this lawsuit." (Doc. 65).

Defendant requests for the Court to Order that Plaintiff fully respond to Set One Special Interrogatories Nos. 3-10, and compel compliance with the Set One Requests for Production of Documents. Defendant also requests sanctions in the amount of $2,745.00 against Plaintiff for his willful failure to comply with the discovery process.

**A.     Further Responses to Interrogatories**

Federal Rule of Civil Procedure Rule 33(b)(2) requires that, unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Additionally, Rule 33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to an interrogatory is waived, unless the court excuses the failure for good cause. FED. R. CIV. P. 33(b)(4).

Defendant's Interrogatories were served on Plaintiff on July 27, 2012, and no responses were filed within the 30-day deadline. On November 9, 2012—over seventy days past the due date—Defendant's counsel received Plaintiff's response to Defendant's special interrogatories. After fully responding to Defendant's Interrogatories Nos. 1 and 2, Plaintiff objected to the remaining Interrogatories Nos. 3-10 stating that "Plaintiff objects to this question. It is not relevant to the INCIDENT or TIME FRAME (2008-2009) in this lawsuit." (Doc. 64). On November 21, 2012, Defendant's counsel sent Plaintiff a letter informing Plaintiff that his responses to Interrogatories Nos. 3-10 contained only waived objections. Defendant now moves to compel further responses to Interrogatories Nos. 3-10.

After examining Plaintiff's discovery responses provided in the parties' joint statement (Doc. 64), the Court finds that Plaintiff's answers to Defendant's interrogatories Nos. 3-10 do not comply with the standards set forth in Rule 33 of the Federal Rules of Civil Procedure because they provide no response. Plaintiff's attempt to make his objections "responses" are not truly responses, because

his objections had already been waived due to his untimely response.

Further, Plaintiff's objections based on relevancy are without merit. Plaintiff's First Amended Complaint does not limit his lawsuit to the 2008-2009 school year. Plaintiff alleges: "Defendant failed to provide to Plaintiff an equal opportunity to obtain all sports officiating services contract work from Defendant FUSD because of his race, Afro-American, and because of his color, black from May 2008 to the present." (First Amended Complaint "FAC" ¶ 13, (Doc. 33)) Plaintiff also alleges: "Defendant's RFP process in May 2008 and May 2010 which requires Plaintiff to waive all of his civil rights and all of his civil remedies for unlawful discrimination to compete for an 'all sports officiating services contract discrimina[tes] against Plaintiff on the basis of his color and race, particularly give[s] Plaintiff's previous denials of such contract work when it was being awarded by word of mouth instead of through an open bidding process." FAC ¶ 19. Thus, even if Plaintiff's objections were timely, the relevant scope of discovery in this case exceeds the 2008-2009 school year. The Court GRANTS Defendant's Motion to Compel Further Interrogatory Responses to Interrogatories Nos. 3-10 and orders Plaintiff to serve written responses to Defendant's Interrogatories on or before January 28, 2013. All objections to the Interrogatories have been waived. Plaintiff is ORDERED to provide Defendant with amended answers to these interrogatories.

**B.    Requests for Production of Documents**

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. FED. R. CIV. P. 34(a)(1)(A). The responding party then must respond in writing within 30 days after being served. FED. R. CIV. P. 34(b)(2). For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. FED. R. CIV. P. 34(b)(2)(B). The failure to respond to interrogatories or a request for inspection or production of documents "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c))." FED. R. CIV. P. 37(d). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark*

4

*Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981)).  Moreover, a requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents.  FED. R. CIV. P. 34(a).

Defendant's RFPs were served on July 27, 2012, and no responses were received by the 30-day deadline.  At that time, Plaintiff waived his objections to Defendant's requests for production.  On November 9, 2012, Defendant's counsel received Plaintiff's response to Set One Request for Production of Documents.  Plaintiff did not produce any documents in response to Defendants request.  Instead, Plaintiff objects to Defendant's RFP's Nos. 1-3 on the grounds that "Defendants are in possession of all documentation regarding the 2008-2009 school year for which this lawsuit is focused on.  Plaintiff reserves the right to add documentation as it is discovered." (Doc. 65).  Plaintiff objects to Defendant's remaining RFP's Nos. 3-10 on the grounds that "Plaintiff objects to this question.  It is not relevant to the INCIDENT or TIME frame in this lawsuit." (Doc. 65).

As addressed above, Defendant's objections are waived and his relevancy objections without merit.  As Plaintiff has failed to provide complete responses, the Court GRANTS Defendant's Motion to Compel Requests for Production and orders Plaintiff to serve responses to Defendant's RFP's on or before January 28, 2013. All objections to the RFP's have been waived.  If Plaintiff determines that there are no documents responsive to any given RFP, he shall so state in a written answer to the RFP's.

**C.   Request for Monetary Sanctions**

Defendant also seek attorney fees for bringing the motions to compel.  The request is denied.  Due to Plaintiff's in forma pauperis status, (Doc. 6), the Court declines to issue an award of monetary sanctions, at this time.  However, if Plaintiff refuses to meaningfully participate in the discovery process, Defendant may again seek sanctions against him.  *See* FED. R. CIV. P. 37(b)(2)(A); *see also* FED. R. CIV. P. 41(b); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998); *Henry v. Gill Indus*., 983 F.2d 943, 946, 948 (9th Cir. 1993).  Plaintiff is cautioned that a failure to comply with this order may result in the imposition of sanctions, including terminating sanctions dismissing this case.

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's Motion to Compel Plaintiff's Responses to Set One Special Interrogatories and Request for Production of Documents (Doc. 55) and Motion to Compel Plaintiff's Further Responses to Set One Special Interrogatories (Doc. 61), are GRANTED in part;

2. On or before January 28, 2013, Plaintiff shall serve upon Defendant full and complete responses, without objection, to Set One Special Interrogatories Nos. 3-10 and to Set One Request for Production of Documents, which were served upon Plaintiff on July 27, 2012; and

3. Plaintiff's failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action for Plaintiff's failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **January 16, 2013**          /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE