# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant.<br>_____ | 1: 09-cv-01779 -AWI-BAM<br><br>**ORDER ON DEFENDANT'S MOTION<br>TO AMEND ANSWER** |

　　　　Currently before the Court is Defendant Fresno Unified School District's ("Defendant") Motion to Amend its Answer to Plaintiff's First Amended Complaint. (Doc. 83.) Defendant seeks to amend its Answer to add two affirmative defenses: (1) Plaintiff's claims are barred by the statute of limitations; and (2) Plaintiff's claim is barred by the doctrine of *res judicata.*

　　　　Pro se Plaintiff James Lanier filed his opposition on April 19, 2013. (Doc. 90.) Defendant filed its reply brief on April 26, 2013. (Doc. 91). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 3, 2013. (Doc. 92.) Having carefully considered the parties' submissions and the entire record in this case, the Court GRANTS Defendant's Motion to Amend its Answer.

/././

**BACKGROUND**

This civil rights action arises out of Plaintiff's unsuccessful attempt to secure a sports officiating contract from Defendant. Plaintiff alleges Defendant's refusal to grant Plaintiff the sports officiating contract was racially motivated.

The parties have litigated multiple motions to dismiss. All that remains of Plaintiff's First Amended Complaint ("FAC") is Plaintiff's claim for race discrimination under Title VI, 42 U.S.C. § 2000d. (Doc. 47.)

Defendant seeks leave under Rule 15 of the Federal Civil Rules of Civil Procedure to amend its answer and add the following affirmative defenses to Plaintiff's Title VI claim:

> THIRTEENTH AFFIRMATIVE DEFENSE:
> 13:   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, District is informed and believes, and thereon alleges, that the claims alleged and the relief prayed for in the FAC is barred in whole or in part by the applicable statutes of limitations.
>
> FOURTEENTH AFFIRMATIVE DEFENSE
> 14:   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, District is informed and believes, and thereon alleges, that the claims and issues asserted in the FAC are barred in whole or in part by the doctrines of and [sic] *res judicata* and collateral estoppel, as all claims and issues alleged therein either were or could have been litigated and adjudicated in the case entitled *Lanier v. Fresno Unified School District* in the Fresno County Superior Court, Case No. 09-CECG-03763, which was dismissed after the Superior Court's granting of the District's summary judgment on January 21, 2012.

**DISCUSSION**

**A.   Legal Standard Under Fed. R. Civ. P. 15(a)**

Whether to grant or deny a motion to amend pleadings is a matter within the court's discretion. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). The policy favoring amendment, however, is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The Ninth Circuit has held that "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

In evaluating the propriety of a motion for leave to amend, "we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5)

whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). "The party opposing amendment bears the burden of showing why amendment should not be granted." *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,* 2008 WL 624771, at *6 (N.D. Cal. 2008).

**B.    Bad Faith**

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation, *see Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers evidence that shows "wrongful motive" on the part of the moving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiff does not argue Defendant seeks this amendment in bad faith, and there is no evidence in the record to suggest bad faith. Moreover, the amendments do not appear to be baseless. Accordingly, this Court views this factor as favoring amendment.

**C.    Undue Delay**

While undue delay is a factor for denying leave to amend, "[u]ndue delay by itself is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir.1999). A moving party may be precluded from asserting an amendment on the basis of undue delay where the matters asserted in the amendment were known to them from the beginning of the suit. *Komie v. Buehler Corp*., 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31 months after the answer was filed, the trial court did not abuse its discretion in denying leave to amend).

Defendant unduly delayed its pursuit of this amendment. Defendant acknowledges a statute of limitations defense was available and known at the beginning of this case, and their failure to allege this defense was based on an oversight. Additionally, a potential statute of limitations defense had been discussed in the Court's previous decisions on the viability of Plaintiff's complaint. *See, e.g.,* Doc. 32, 8-10 ("to the extent Plaintiff's first claim for relief is based on the allegation that a 'disparaging' comment was made to him in September 2007, that claim is time-barred."); Doc. 44, 2: 9-13 ("As the court observed with regard to the original complaint, the two-year statute of

limitations applicable to civil rights claims generally limited Plaintiff's claims to those that accrued after October 8, 2007. Perhaps in response, Plaintiff's FAC puts more focus on events that are alleged to have occurred after that date and marks the accrual of Plaintiff's civil rights claims in April of 2008.")

There was some undue delay with respect to Defendant's *res judicata* affirmative defense. The state court action granted summary judgment on the Title VI claim on January 19, 2012. *See,* Doc. 84, Attach. 1 & 2. Plaintiff sought relief from the state court judgment, which was denied on April 30, 2012. *See,* Doc. 84, Attach. 4 & 5. The deadline for Plaintiff to appeal this judgment expired on August 15, 2012.[1]

On July 25, 2012 Defendant served discovery requests on Plaintiff seeking to confirm the issues involved in the state and federal cases were the same. Doc. 83, Ex. B & C. Defendant filed a motion to compel responses to these discovery requests, and did not receive adequate responses until January 27, 2013. Duran Declaration, Doc. 83, Attach. 1 ¶ 23. Defendant filed its motion to amend its answer a little more than a month after receiving Plaintiff's discovery responses.

Arguably, Defendant could have sought to include a *res judicata* defense in August of 2012. It is unclear why Defendant waited until Plaintiff "confirmed" this case and the state court action involved the same issues. The defense of *res judicata* does not require Plaintiff to admit the same issues are at play in the two cases. There is no reason Defendant could not have sought leave to amend its answer to assert a *res judicata* defense shortly after August of 2012.

The Court finds Defendant unduly delayed in seeking this amendment.

**D.  Prejudice**

"[T]he consideration of prejudice to the opposing party ... carries the greatest weight." *Eminence Capital*, LLC, 316 F.3d at 1052. A need to reopen discovery, a delay in the

---

[1] According to California Rules of Court Rule 8.104(a)(2), Plaintiff had 60 days after receiving the Notice of Entry of Judgment to file an appeal with the Court of Appeals. When Plaintiff filed a Motion for Relief of the Judgment within the statutory 60 day period, the time to appeal the judgment was extended until 30 days after the Superior Court served its order denying Plaintiff's Motion. Cal. Rule Ct. Rule 8.108(c)(1). Therefore, Plaintiff's time to appeal expired 30 days after the Court's July 16, 2012 denial of Motion for Relief, or August 15, 2012.

4

proceedings, or the addition of complaints or parties are indicators of prejudice. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline ... [and] would have required re-opening discovery, thus delaying the proceedings"); *Lockheed Martin Corp.*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend.")

There is no prejudice to Plaintiff as a result of the requested amendment. Plaintiff's only argument for a finding of prejudice is that "the parties have already engaged in discovery and motion practice." Plaintiff does not suggest, however, that amendment would require additional discovery or motion practice, or that amendment would result in a delay of these proceedings. Indeed, *res judicata* and statute of limitations affirmative defenses are legal arguments that would appear not to require any additional discovery.

Moreover, Plaintiff has had significant notice of these defenses. While Defendant's answer does not contain a statute of limitations affirmative defense, the body of the answer, in multiple instances, states Plaintiff's claims are barred by the applicable two-year statute of limitations. *See,* Doc. 45, ¶¶ 7a - 7e. Additionally, the Court has discussed a two-year statute of limitations defense on multiple occasions. Doc. 32, 8-10; Doc. 44, 2: 9-13. As for the *res judicata* defense, Plaintiff acknowledges he was aware this defense may be asserted after the state court action as concluded: "it is true the Plaintiffs have known that Defendants could have asserted the defense of applicable statute of limitations and the doctrines of res judicata and collateral [estoppel]". Pl.'s Opp., 5: 15-17, Doc. 90.

The lack of prejudice to Plaintiff heavily supports permitting the amendment.

**E.     Futility of the Amendment**

"[A] proposed amendment is futile only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See*, *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  end the complaint."); *Bassani v. Sutton*, No. 10–35482, 2011 WL 1626452, at *1 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if plaintiff were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion").

The amendments are not futile. Indeed, the Court has already expressed concerns as to whether Plaintiff's claims are time-barred. Additionally, the evidence indicates the state court action concerned a similar Title VI claim. *See,* Doc. 84, Attach. 1 & 2. Thus, *res judicata* may constitute a valid defense.

**F.     Whether Defendant Has Previously Amended Its Answer**

This inquiry primarily asks whether a party has shown a "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This is the first time Defendant has sought to amend its answer. This circumstances favors amendment.

Consideration of the five factors discussed above weighs in favor of granting Defendant leave to amend its answer. Specifically, the Court finds that although Defendant delayed in seeking amendment, no prejudice would be caused by amendment. Moreover, Plaintiff has been on notice of these potential defenses throughout the litigation.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Fresno Unified School District's Motion to Amend its Answer is GRANTED. Defendant shall file its Amended Answer within ten (10) days of the service of this Order.

IT IS SO ORDERED.

Dated:   **May 2, 2013**              /s/ **Barbara A. McAuliffe**
                                                       UNITED STATES MAGISTRATE JUDGE