# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>    Plaintiff,<br><br>vs.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 1: 09-cv-01779-AWI-BAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL** |

## **INTRODUCTION**

This civil rights action arises out of pro se plaintiff James Lanier's ("Plaintiff") unsuccessful attempt to secure a sports officiating contract from Fresno Unified School District ("Defendant"). Plaintiff alleges Defendant's refusal to grant Plaintiff the sports officiating contract was racially motivated.

Currently before the Court is Defendant's Motion to Compel Further Responses to Set Two of Defendant's Special Interrogatories. (Doc. 101.) Plaintiff filed his opposition on July 15, 2013, and the parties filed a joint statement on July 19, 2013. (Doc. 107, 109.) The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for July 26, 2013. (Doc. 111.) Having carefully considered the parties' submissions and the entire record in this case, the Court GRANTS Defendant's Motion to Compel.

**ORDER**

# DISCUSSION

## A. Legal Standard

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance requires only that the evidence have "any" tendency to prove or disprove "any" consequential fact. *See, Guthrey v. California Dept. of Corrections and Rehabilitation,* 2012 WL 2499938 (E.D. Cal. 2012), citing, Jones & Rosen, Federal Civil Trials and Evidence (2011) Evidence, para. 8:111, p. 8B-2. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)).

Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party is obligated to respond to the fullest extent possible and state any objections with specificity. Fed. R. Civ. P. 33(b)(3), (b)(4). While extensive research is not required, a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D.Cal. Sep.21, 2007).

A responding party that objects to interrogatories is required to state objections with specificity. Fed. R. Civ. P. 33(b)(4). If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court "which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified*." Ellis v. Cambra,* No. 02-cv-5646 AWI (SMS), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008); *Brooks v. Alameida*, No. 03-cv-2343 JAM (EFB), 2009 WL 331358 (E.D. Cal. Feb. 10, 2009). "In each instance [of discovery], the determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.     Plaintiff's Motion to Compel**

Defendant's Motion to Compel concerns two categories of information: (1) information relating to Plaintiff's injuries and damages ("Defendant's Damage Interrogatories"); and (2) contention interrogatories concerning the basis of and evidence supporting Plaintiff's claims ("Defendant's Contention Interrogatories").  The Court addresses each in turn.

**1.     Defendant's Damage Interrogatories**

Set Two of Defendant's Special Interrogatories poses twelve questions concerning Plaintiff's injuries and damages.  Those interrogatories are as follows:

**SPECIAL INTERROGATORY NO. 10**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means to identify each injury, illness, or condition and the area(s) of the body affected) each physical, mental, and emotional injury, illness, or condition you attribute to the INCIDENT ("INCIDENT" for purposes of these Special Interrogatories means all facts alleged by the Plaintiff's First Amended Complaint in this litigation).
**Plaintiff's Response to Special Interrogatory No. 10:**
Plaintiff has suffered a variety of stress related, physical, mental and emotional illnesses, injuries and conditions, affecting several areas of Plaintiff's body including but not limited to Plaintiff's heart, head, lower abdominal and lower extremities, that are directly attributed to this INCIDENT.  All of Plaintiff's physician's records and hospital records which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 11**
For each injury, illness, and condition you still have that you attribute to the INCIDENT, IDENTIFY ("IDENTIFY" for purposes of this interrogatory means to identify each injury, illness, or condition; whether the complaint is subsiding, remaining the same, or becoming worse; and the frequency and duration) nature of each injury, illness, and condition.
**Plaintiff's Response to Special Interrogatory No. 11:**
Plaintiff has suffered a variety of stress related, physical, mental and emotional illnesses, injuries and conditions, affecting several areas of Plaintiff's body including but not limited to Plaintiff's heart, head, lower abdominal and lower extremities, that are directly attributed to this INCIDENT.  Plaintiff's ailments conditionally remain the same and or are becoming worse in frequency and duration.  All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 12**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means name, address, telephone number, and dates you received a consultation, examination, or treatment)

each medical provider you received consultation, examination, or treatment for any injury, illness, or condition you attribute to the INCIDENT.
**Plaintiff's Response to Special Interrogatory No. 12:**
All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 13**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the dates you received a consultation, examination, or treatment; the type of consultation, examination or treatment; and the charges to date) the nature of each consultation, examination, or treatment for any injury, illness, or condition you attribute to the INCIDENT.
**Plaintiff's Response to Special Interrogatory No. 13:**
Plaintiff, as a result of this INCIDENT, has been unable to access an affordable mental health support structure for consultation, examination and or treatment due to increased cost of co-pay not available with Plaintiff's insurance coverage.  All of Plaintiff's physician's records and hospital records, which more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 14**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the name of each medication; the date it was prescribed or furnished; the dates you began and stopped taking it; and the costs to date) each medication, prescribed or not, that you have taken as a result of any injury, illness, or condition that you attribute to the INCIDENT.
**Plaintiff's Response to Special Interrogatory No. 14:**
All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 15**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the name of the medical and address of each health care provider; injury, illness, or condition for which treatment was advised; and the nature and estimated cost of treatment) the nature of any treatment recommended by a health care provider for an injury, illness, or condition you attribute to the INCIDENT, if any.
**Plaintiff's Response to Special Interrogatory No. 15:**
All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 16**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means to identify each injury, illness, or condition and the area(s) of the body affected; the dates it began or ended; and the name address, and telephone number of the health care provider whom you received a consultation, examination, or treatment) the nature of each physical, mental, and emotional injury you had previous to the INCIDENT that involve the same part of your body claimed to be an injury, illness, or condition that you attribute to the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 16:**

All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 17**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means to identify each injury, illness, or condition and the area(s) of the body affected; the dates it began or ended; and the name address, and telephone number of the health care provider whom you received a consultation, examination, or treatment) the nature of each physical, mental, and emotional injury you received after the INCIDENT that involve the same part of your body claimed to be an injury, illness, or condition that you attribute to the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 17:**
All of Plaintiff's physician's records and hospital records, which give more accurate information, have been subpoenaed by Defendants (see Exhibit "A").

**SPECIAL INTERROGATORY NO. 19**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the type of each kind of damage, the date(s) it occurred, and the amount) the nature of each kind of damages you attribute to the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 19:**
Plaintiff's information was previously provided to Defendants

**SPECIAL INTERROGATORY NO. 20**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the name and date of each document) each document that provides evidence for each kind of damages you attribute to the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 20:**
Plaintiff's information was previously provided to Defendants

**SPECIAL INTERROGATORY NO. 21**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the dates, the amount of income, and how it is calculated) the nature of the total income you have lost to date as a result of the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 21:**
Plaintiff's information was previously provided to Defendants

**SPECIAL INTERROGATORY NO. 22**
IDENTIFY ("IDENTIFY" for purposes of this interrogatory means the dates, the amount of income, and how it is calculated) the nature of the total income you will lose in the future as a result of the INCIDENT.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 22:**
Plaintiff's information was previously provided to Defendants

(Doc. 109, 3-13.)

Defendant argues Plaintiff's responses to these interrogatories are improper because they fail to specify specific injuries, illnesses or medical conditions related to Plaintiff's claims. Defendant also argues that Plaintiff's reference to subpoenas Defendant served on

4
**ORDER**

Plaintiff's medical providers -- Plaintiff's reference to "Exhibit A" -- does not constitute a "separate and full response" as required by Federal rule of Civil Procedure 33(b)(3). Similarly, Defendant argues that a statement asserting the information already has been provided is insufficient under Rule 33.

Plaintiff responds that he cannot provide more specific information concerning his injuries and damages because Plaintiff does not maintain specific records concerning his illnesses and injuries. Plaintiff also suggests that directing Defendant to the information Defendant has subpoenaed from Plaintiff's medical providers or stating that Defendant has this information in its possession is sufficient.

Plaintiff will be compelled to provide further responses to Defendant's Damage Interrogatories. First, Plaintiff's responses to interrogatories 10 and 11 are impermissibly vague. Defendant's interrogatories 10 and 11 request Plaintiff identify the specific physical, mental, and emotional injuries, illnesses or conditions Plaintiff attributes to his claims against Defendant. Plaintiff's response that he suffers from a "variety of stress related, physical, mental and emotional illnesses, injuries and conditions" is not responsive to this interrogatory, and a further response is warranted. Plaintiff is obligated to identify injuries he contends are attributable to the alleged wrongful conduct of Defendant.

With respect to all of Defendant's Damage Interrogatories, Plaintiff's argument that Defendant can discover this information through the subpoenaed medical records is without merit. Rule 33(b)(3) requires Plaintiff to answer interrogatories "separately and fully" to "the best of his ability from his memory and the documents in his possession." *Bryant v. Gallagher,* 2013 WL 3422485 (E.D. Cal. Jul 8, 2013). That Defendant may be able to obtain some information concerning Plaintiff's medical issues from other sources does not excuse Plaintiff's obligation to answer interrogatories specifically seeking *Plaintiff's* basis for claiming injuries and damages as a result of Defendant's conduct. The medical records may identify medical conditions that Plaintiff may not attribute to Defendant's conduct. Conversely, the medical records may not reference medical conditions Plaintiff contends are

caused by Defendant's conduct. Thus, Plaintiff is required to answer Defendant's Damage Interrogatories to the best of his abilities.

Similarly, Plaintiff may not refuse to respond to Defendant's Damage Interrogatories because Plaintiff believes Defendant may already possess this information. "A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party." *Bretana v. International Collection Corp.,* 2008 WL 4334710 (N.D. Cal. Sept. 22, 2008), citing *Davidson v. Goord,* 215 F.R.D. 73, 77 (W.D.N.Y.2003). Defendant is entitled to the information Plaintiff possesses.

Accordingly, this Court finds Plaintiff's responses to Defendant's Damage interrogatories noncompliant with Rule 33. Plaintiff is compelled to provide further responses.

**2.     Defendant's Contention Interrogatories**

Set Two of Defendant's Special Interrogatories poses three questions concerning Plaintiff's contention that Defendant discriminated against Plaintiff. Those interrogatories are as follows:

> **SPECIAL INTERROGATORY NO. 23**
> State all facts which support YOUR contention that the DISTRICT intentionally discriminated against YOU based on YOUR African-American race in connection with the DISTRICT'S decisions not to award its all sports officiating services contract to YOU from January 1, 2011 to the present.
> **Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 23:**
> Plaintiff's information was previously provided to Defendants
>
> **SPECIAL INTERROGATORY NO. 24**
> IDENTIFY each and every person who has knowledge of the facts on which you base your contention that the DISTRICT has intentionally discriminated against you based on your Afro-American race in connection with the DISTRICT'S decisions not to award its all sports officiating services contract to YOU from January 1, 2011 to the present.
> **Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 24:**
> Plaintiff's information was previously provided to Defendants

6
ORDER

**SPECIAL INTERROGATORY NO. 25**
LIST all DOCUMENTS that support your contention that the DISTRICT has intentionally discriminated against you based on your Afro-American race in connection with the DISTRICT'S decisions not to award its all sports officiating services contract to YOU from January 1, 2011 to the present.
**Plaintiff's Response to Plaintiff's Response to Special Interrogatory No. 25:**
Plaintiff's information was previously to Defendants

Defendant argues it is entitled to information supporting Plaintiff's claim that he suffered damages as a result of discrimination. Plaintiff responds that Defendant already possesses the information sought in the Contention Interrogatories.

Plaintiff will be compelled to provide further responses to Defendant's Contention Interrogatories. Discussed above, Rule 33(b)(3) requires Plaintiff to answer interrogatories "separately and fully" to "the best of his ability from his memory and the documents in his possession." *Bryant v. Gallagher,* 2013 WL 3422485 (E.D. Cal. Jul 8, 2013). Plaintiff may not refuse to respond to the Contention Interrogatories because Defendant may already possess the information. *Gerawan Farming, Inc. v. Rehrig Pacific Co.,* 2013 WL 398740 (E.D. Cal. Jan 31, 2013).

**C.     Sanctions**

Defendant requests sanctions for having to bring this motion to compel. Federal Rule of Civil Procedure 37(a) provides that if the Court grants a motion to compel discovery, reasonable costs and attorney's fees should be imposed unless the court finds (1) the motion was filed without a good faith effort to obtain the discovery without court intervention, (2) the objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D.Nev.2006).

While the conduct of pro se litigants is often evaluated under a more lenient standard, pro se litigants are not excused from compliance with the federal rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986) (stating that although courts afford them greater latitude for error, "[p]ro se litigants must follow the same rules of procedure that govern other litigants"). However, courts in this Circuit find that where a pro se's failure to properly respond to discovery or otherwise comply with federal or local rules is not the result of bad faith or

harassment, sanctions are not appropriate. *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996) ("a district court can properly consider a plaintiff's pro se status in assessing sanctions"); *see also, Williams v. Woodford,* 2010 WL 2490951 (E.D. Cal., June 16, 2010) (declining to impose sanctions where there is no evidence of bad faith); *Gordon v. County of Alameda,* 2007 WL 1750207 (N.D. Cal., June 15, 2007) (imposing sanctions on a pro se litigant when there was evidence of bad faith).

Plaintiff's failure to respond adequately to Defendant's interrogatories does not appear to be the result of bad faith or harassment. Rather, Plaintiff's discovery failures are reasonably attributable to his pro se status and limited legal expertise. Moreover, Plaintiff appears to have actively participated in meet and confer efforts and while Plaintiff's responses ultimately were unsatisfactory, there is nothing to suggest Plaintiff did not make a good faith effort to properly respond to Defendant's interrogatories. Thus, sanctions are not appropriate.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Compel Further Responses to Set Two of Defendant's Special Interrogatories (Doc. 101) is GRANTED. Plaintiff shall provide amended responses to Set Two of Defendant's Interrogatories on or before August 16, 2013. Defendant's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **July 24, 2013**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE