# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER, | 1: 09-cv-01779 -AWI-BAM |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| v. | |
| FRESNO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

## I.   INTRODUCTION

This civil rights action arises out of pro se plaintiff James Lanier's ("Plaintiff") unsuccessful attempt to secure a sports officiating contract from Fresno Unified School District ("Defendant"). Plaintiff alleges Defendant's refusal to grant Plaintiff the sports officiating contract was racially motivated.  The parties have litigated multiple motions to dismiss.  (Doc. 32, 44, 47.) All that remains of Plaintiff's First Amended Complaint ("FAC") is Plaintiff's claim for race discrimination under Title VI, 42 U.S.C. § 2000d. (Doc. 47.)

Currently before the Court is Plaintiff's Motion for Leave to File A Second Amended Complaint. (Doc. 97.)  Defendant filed its opposition on May 17, 2013.  (Doc. 98.)  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for July 26, 2013. (Doc. 111.)  Having carefully considered the parties' submissions and the entire record in this case, the Court DENIES Plaintiff's Motion to Amend his First Amended Complaint.

## II.   DISCUSSION

Plaintiff's Motion is procedurally and substantively defective.  Rule 137(c) of the Local Rules for the U.S. District Court, Eastern District California, states in pertinent part that, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to the moving papers seeking such leave." The Court has discretion to deny a motion to amend for the failure to attach a proposed pleading as required by local rule. *Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 507 (9th Cir.1978).

Plaintiff has failed to attach a proposed amended complaint or otherwise describe the proposed amendments.  A court can not evaluate the propriety of a motion to amend a pleading when the moving papers do not describe the proposed amendments or attach the proposed amended pleading.  *See, U.S. v. Molen,* No. 2: 10-cv-02591-MCE-KJN, 2011 WL 3678431 *2 (E.D. Cal., Aug. 22, 2011) ("Because defendants' requests were not accompanied by a draft amended answer, the court cannot properly gauge the propriety of the request. Similarly, defendants' moving papers fail to describe in any detail the sort(s) of amendment(s) defendants wish to make to their Answer.") (citations omitted).

Plaintiff states he is "in the final stages of his discovery" and, "due to this Court's rulings [granting Defendant's Motion to Amend its Answer, *see* Doc. 93]," Plaintiff requests "leave to amend his complaint and or submit an additional claim . . . [and to] amend his complaint so that he may add and cite legal authority. . . ."  (Doc. 97, 2: 1-24.)  These vague assertions do not justify Plaintiff's request to amend his First Amended Complaint.

First, Plaintiff does not explain how the Court's ruling permitting Defendant amend its Answer to assert statute of limitations and res judicata affirmative defenses would necessitate an amended complaint.  Presumably, Plaintiff has been aware of any parallel litigation in which he is currently involved.  Additionally, Defendant's statute of limitations defense has long been an at issue in this case. *See,* Doc. 35, 36, 39, 40, 44, 47.

Second, Plaintiff does not provide any information about the specific amendments sought.  Specifically, Plaintiff does not articulate what "claims" or "legal authority" he intends to

1   incorporate into his pleading.  Without this information, the Court has no basis on which to

2   evaluate Plaintiff's request.

3          Generally, Courts are required to take an "extreme[ly] liberal[]" approach towards

4   motions to amend pleadings.  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th

5   Cir. 2003) (citations omitted).  Moreover, the Court recognizes that the pleadings and filings of

6   pro se litigants should be construed liberally.  *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th

7   Cir.2001) ("[W]e have a 'duty ... to construe pro se pleadings liberally.' ")  Nonetheless, Plaintiff

8   has not disclosed the amendments he seeks to incorporate into his pleadings, or why Plaintiff

9   seeks such amendments.  Accordingly, the Court lacks both a factual and legal basis to grant

10  Plaintiff's Motion to Amend.

11                                    **CONCLUSION**

12         Based on the foregoing, it is HEREBY ORDERED that Plaintiff James Lanier's Motion

13  to Amend his First Amended Complaint is DENIED.

14         IT IS SO ORDERED.

15  **Dated:**   **July 24, 2013**           /s/ **Barbara A. McAuliffe**

16                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                    3