IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>    Plaintiff,<br><br>vs.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | 1:09 – CV – 1779 AWI SKO<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING MOTION TO DISMISS CLAIM PURSUANT TO 42 U.S.C. § 1981<br><br>Doc. #'s 137, 138 and 139 |

In this civil rights action for damages, plaintiff James Lanier ("Plaintiff") has requested reconsideration of an order of the court filed on September 29, 2011, (the "September 29 Order") dismissing a number of Plaintiff's claims for relief against defendant Fresno Unified School District ("Defendant"). In particular, Plaintiff has requested that the court review and reverse its determination that Plaintiff's claim pursuant to 42 U.S.C. § 1981 is barred by Defendant's immunity under the Eleventh Amendment. Although there are a number of procedural reasons for the denial of Plaintiff's motion for reconsideration , the most important reason from the court's perspective is that Plaintiff's argument in support of reconsideration is substantively confused and erroneous.

Plaintiff's argument, as the court understands it, is that an arm of the state, such as a school district, which is sued under Title VI of the Civil Rights Act, cannot claim immunity

under the Eleventh Amendment if the school district accepts funding from the federal government pursuant to 42 U.S.C. § 2000d(7).  Plaintiff is correct up to this point.  Plaintiff reasons incorrectly, however, that because Congress saw fit to abrogate Eleventh Amendment immunity for claims under Title VI, that same abrogation of immunity applies under 42 U.S.C. §§ 1981, 1983, 1985 and/or 1986.  This is not the case.  In its September 29 Order, the court provided a fairly comprehensive analysis of the contours of Eleventh Amendment Immunity in the context of suits under subsections 1981, 1983, 1985 and/or 1986.  See Doc. # 47 at p.p. 6-7.  That analysis need not be repeated here, but the upshot is that while Congress *may* abrogate Eleventh Amendment immunity for statutes promulgated pursuant to the Equal Protection Clause of the Fourteenth Amendment, it did not do so when it enacted subsections 1981, 1983, 1985 and/or 1986.  Whether Defendant school district received federal funds during the time period at issue in this action has everything to do with the abrogation of Defendant's Eleventh Amendment immunity under Title VI, 42 U.S.C. § 2000d and nothing to do with immunity to suits brought pursuant to 42 U.S.C. § 1981.  Plaintiff has failed to argue any basis for reconsideration of Defendant's Eleventh Amendment Immunity to Plaintiff's claim pursuant to 42 U.S.C. § 1981.

      Finally, the court wishes to emphasize its observation in the September 29 Order that Plaintiff's ability to recover damages in this action is entirely dependent on his ability to show that he was excluded from participation in sports officiating because of his race.  If Plaintiff can make that showing, he can recover damages under Title VI.  If he cannot make that showing, he cannot recover damages under any theory, including under 42 U.S.C. § 1981.  The provisions of 42 U.S.C. § 1981 have no bearing at all on whether Plaintiff will be able to recover damages or on what facts are necessary to prove Plaintiff's case.  The facts that Plaintiff must prove are the same under any theory and his ability to make the required showing will determine Plaintiff's success or lack thereof.

      Plaintiff's motions to delay Defendant's motion for summary judgment and to amend the scheduling order are predicated on the possibility of Plaintiff's success in the instant motion for reconsideration.  As the court has determined that Plaintiff's motion for reconsideration must be

denied, the motion to delay Defendant's motion for summary judgment will be denied *except* that the court will continue the due date for Plaintiff's opposition from October 7, 2013, to October 21, 2013, and will continue the due date for Defendant's reply until November 4, 2013. The hearing date of October 22, 2013, will be vacated and not reset unless the court determines upon further review of the pleadings that oral argument would be helpful to the court's decision on Defendant's motion.

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion to reconsider the court's September 29 Order is DENIED.
2. Plaintiff shall file and serve any opposition to Defendant's motion for summary judgment not later than October 21, 2013.
3. Defendant shall file and serve any reply not later than November 4, 2013.
4. The hearing date on Defendant's motion for summary judgment currently set for October 22, 2012, is vacated pursuant to Local Rule 78-230(h) and no party shall appear on that date. As of November 4, 2013, the court will take the matter under submission and will thereafter render its decision.

IT IS SO ORDERED.

Dated:   October 9, 2013                                    _____
                                                            SENIOR DISTRICT JUDGE